Mary R. DeYoung, WSBA # 16264
Soha & Lang, P.S.
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Attorneys for Atlantic Casualty
Insurance Company

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina corporation,<br><br>                              Plaintiff,<br><br>    vs.<br><br>BRAD BELLINGER, an individual, dba LILAC CITY VAPOR; LILAC CITY VAPOR, LLC, a Washington limited liability company; and MARLENE RUBERTT, an individual,<br><br>                              Defendants. | Cause No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Atlantic Casualty Insurance Company, for its complaint against

defendants, alleges as follows:

COMPLAINT FOR DECLARATORY RELIEF – 1
USDC ED WA CAUSE NO.

1214.00061 ik07db19ez

## I.    PARTIES AND JURISDICTION

1.1    Plaintiff Atlantic Casualty Insurance Company ("Atlantic") is a corporation duly organized under the laws of the state of North Carolina and has its principal place of business in Goldsboro, North Carolina. Atlantic is a surplus lines insurance company which transacts business in Washington.

1.2    Upon information and belief, defendant Brad Bellinger conducted business as Lilac City Vapor, a sole proprietorship, in Spokane County at relevant times.

1.3    Upon information and belief, defendant Lilac City Vapor, LLC, was, at relevant times, a Washington limited liability corporation with its principal place of business in Spokane County.

1.4    Upon information and belief, defendant Marlene Rubertt was at relevant times a resident of Spokane County, Washington.

1.5    This is an action for a declaratory judgment pursuant to USC § 2201, et seq., to determine an actual case or controversy between the parties.

1.6    This court has jurisdiction pursuant to USC § 1332, et seq., because this matter involves citizens of different states and the amount in controversy exceeds $75,000.00.

COMPLAINT FOR DECLARATORY RELIEF – 2
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

## II.    FACTUAL ALLEGATIONS

2.1    Atlantic reasserts the allegations set forth in paragraphs 1.1-1.6 above as though fully set forth herein.

2.2    Atlantic issued commercial lines policy no. M179000250 to defendant Brad Bellinger dba Lilac City Vapor. The policy was in effect for a policy term of August 1, 2015 to August 1, 2016.

2.3    On or about October 13, 2016, defendant Marlene Rubertt filed a civil damages lawsuit in the Spokane County, Washington, Superior Court against defendant Lilac City Vapor, LLC. Ms. Rubertt's complaint alleges that, on January 30, 2016 while she was watching TV at her home, she sustained disfiguring injuries when an e-vapor cigarette device exploded in her mouth and face just as she was inhaling it. She alleges that she had purchased various e-cigarette products from Lilac City Vapor, LLC over the course of four years before the incident, and that her purchases included an Efest battery purchased on or around December 15, 2015, and a Tobeco Mod, a TrustFire charger, and an Arctic atomizer on other dates. The lawsuit alleges causes of action for products liability under Washington's Product Liability Act, RCW 7.72, *et seq.*, and for negligence. The lawsuit (hereafter, "liability lawsuit") is captioned <u>Rubertt v. Lilac City Vapor, LLC,</u> and it is currently pending in the Spokane County Superior Court under cause no. 16-2-03995-7.  A copy of the Complaint in the

COMPLAINT FOR DECLARATORY RELIEF – 3
USDC ED WA CAUSE NO.

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585

1214.00061 ik07db19ez

liability lawsuit is attached hereto as Exhibit A and incorporated in its entirety by this reference.

2.5    By letter dated October 21, 2016 from its attorney, Lilac City Vapor, LLC tendered the liability lawsuit to Atlantic for defense. By letter dated November 3, 2016, Atlantic agreed to provide a reservation of rights defense to Lilac City Vapor, LLC with respect to the liability lawsuit.

## III.    CLAIM FOR RELIEF

3.1    Atlantic reasserts the allegations set forth in paragraphs 1.1-2.5 above as though fully set forth herein.

3.2    Atlantic policy no. M179000250 provides liability coverage subject to the following provisions found in Form CG00011001:

*SECTION I – COVERAGES*
*COVERAGE   A   BODILY   INJURY   AND   PROPERTY DAMAGE LIABILITY*

*1.    Insuring Agreement*

*a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

COMPLAINT FOR DECLARATORY RELIEF – 4
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

      **(1)**   *The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*

      **(2)**   *Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*

    ***b.***   *This insurance applies to "bodily injury" and "property damage" only if:*

      **(1)**   *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

      **(2)**   *The "bodily injury" or "property damage" occurs during the policy period; and*

      \* \* \*

## *COVERAGE C MEDICAL PAYMENTS*

    ***1.***   ***Insuring Agreement***

    ***a.***   *We will pay medical expenses as described below for "bodily injury" caused by an accident:*

      **(1)**   *On premises you own or rent;*

      **(2)**   *On ways next to premises you own or rent; or*

      **(3)**   *Because of your operations;*

    *provided that:*

      **(1)**   *The accident takes place in the "coverage territory" and during the policy period;*

COMPLAINT FOR DECLARATORY RELIEF – 5
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

(2)    *The expenses are incurred and reported to us within one year of the date of the accident; and*

(3)    *The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.*

***b.***    *We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:*

(1)    *First aid administered at the time of an accident;*

(2)    *Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and*

(3)    *Necessary ambulance, hospital, professional nursing and funeral services.*

**2.**    **Exclusions**

*We will not pay expenses for "bodily injury":*

\* \* \*

***f.***    ***Products-Completed Operations Hazard***

*Included within the "products-completed operations hazard."*

***g.***    ***Coverage A Exclusions***

*Excluded under Coverage A.*

***SECTION II – WHO IS AN INSURED***

***1.***    *If you are designated in the Declarations as:*

***a.***    *An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*

COMPLAINT FOR DECLARATORY RELIEF – 6
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

**b.**    A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.**    A limited liability company, you are an insured. Your members      are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e.**    A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

* * *

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

* * *

## SECTION V – DEFINITIONS

* * *

**3.**    Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time

* * *

**13.**    ""Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

COMPLAINT FOR DECLARATORY RELIEF – 7
USDC ED WA CAUSE NO.

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington 98101
(206) 624-1800/Fax (206) 624-3585

1214.00061 ik07db19ez

\* \* \*

**16.** *"Products-completed operations hazard":*

 ***a.***   *Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:*

   ***(1)***   *Products that are still in your physical possession; or*

   ***(2)***   *Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:*

    ***(a)***   *When all of the work called for in your contract has been completed.*

    ***(b)***   *When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.*

    ***(c)***   *When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.*

   *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*

 ***b.***   *Does not include "bodily injury" or "property damage" arising out of:*

   ***(1)***   *The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;*

   ***(2)***   *The existence of tools, uninstalled equipment or abandoned or unused materials; or*

COMPLAINT FOR DECLARATORY RELIEF – 8
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

        **(3)** *Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.*

* * *

**21.** *"Your product":*

    **a.** *Means:*

        **(1)** *Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:*

            **(a)** *You;*

            **(b)** *Others trading under your name; or*

            **(c)** *A person or organization whose business or assets you have acquired; and*

        **(2)** *Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.*

    **b.** *Includes*

        **(1)** *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and*

        **(2)** *The providing of or failure to provide warnings or instructions.*

    **c.** *Does not include vending machines or other property rented to or located for the use of others but not sold.*

**22.** *"Your work":*

    **a.** *Means:*

        **(1)** *Work or operations performed by you or on your behalf; and*

        **(2)** *Materials, parts or equipment furnished in connection with such work or operations.*

    **b.** *Includes*

COMPLAINT FOR DECLARATORY RELIEF – 9
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

> **(1)** *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and*
>
> **(2)** *The providing of or failure to provide warnings or instructions.*

* * *

The policy includes Endorsements with the following language:

***EXCLUSION –***
***PRODUCTS-COMPLETED OPERATIONS HAZARD***

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART.*

*This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard".*

***CG-2104 11/85***

* * *

***INSURING AGREEMENT AMENDMENT -***
***USE OF EXTRINSIC EVIDENCE -***
***RIGHT TO DEFEND***

*THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

**A.** *Paragraph **1. a.** of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is replaced by the following:*

> *a.* *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty to defend or indemnify the insured against any "suit" seeking damages for "bodily*

COMPLAINT FOR DECLARATORY RELIEF – 10
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

injury" or "property damage" to which this insurance does not apply.

*We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegations and provided that evidence relates to a discrete coverage issue under the policy and not a merits or liability issue. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

**(1)** *The amount we will pay for damages is limited as described in Section* **III – LIMITS OF INSURANCE**; *and*

**(2)** *Our right and duty to defend a claim to which this insurance applies ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under* **COVERAGES A** *or* **B** *or medical expenses under* **COVERAGE C**.

*Paragraphs* **b. (3), c.** *and* **d.** *under Paragraph* **1. Insuring Agreement of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** *are deleted.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under* **SUPPLEMENTARY PAYMENTS – COVERAGES A and B**.

* * *

*ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED*

*AGL-077 3/13*

COMPLAINT FOR DECLARATORY RELIEF – 11
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

1

## Count I – Coverage A

2

3.3    Based on the terms of Atlantic policy no. M179000250, Atlantic has

3

no duty to defend and no duty to indemnify Lilac City Vapor, LLC or Brad

4

Bellinger dba Lilac City Vapor under Coverage A of the policy against the claims

5

made by defendant Marlene Rubertt in the liability lawsuit for one or more of the

6

following reasons:

7

8          a.         Pursuant to endorsement CG-2104 11/85, the insurance does

9

not apply to "*bodily injury*" or "*property damage*" included within the "*products*

10

*completed operations hazard*." The "*products completed operations hazard*" is

11

defined in the policy to include all "*bodily injury*" occurring away from premises

12

you own or rent and arising out of "*your product*." "*Your product*" is defined in

13

the policy to include all goods and products sold, handled, distributed or disposed

14

of by you, including warranties or representations, as well as the providing of or

15

failure to provide warnings or instructions. The e-cigarette products that

16

17

defendants Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor sold to

18

defendant Marlene Rubertt meet the policy definition of "*your product*," and Ms.

19

Rubertt's "*bodily injury*" arose of those products and occurred away from

20

premises the insured owned or rented. Accordingly, the "*products completed*

21

22

*operations hazard*" exclusion set forth in the endorsement eliminates coverage.

23

COMPLAINT FOR DECLARATORY RELIEF – 12
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

b.      The named insured identified in the policy's declarations is "Brad Bellinger dba Lilac City Vapor," which is designated as an individual. Lilac City Vapor, LLC is not named as an insured on the policy. The Who Is An Insured provision provides that no person is an insured with respect to the conduct of any limited liability company that is not shown as a Named Insured in the Declarations. Accordingly, Lilac City Vapor, LLC does not qualify as an insured under the policy.

c.      There is no Medical Payments coverage for any expenses for *"bodily injury"* excluded under Coverage **A**. In addition, Medical Payments coverage does not apply to *"bodily injury"* that is included within the *"products-completed operations hazard."*

### Count II – Coverage C

3.3      Based on the terms of Atlantic policy no. M179000250, Coverage C does not apply to the claims made by defendant Marlene Rubertt in the liability lawsuit for one or more of the following reasons:

a.      Pursuant to exclusion f, Coverage C does not apply to "*bodily injury*" included within the "*products completed operations hazard*." The "*products completed operations hazard*" is defined in the policy to include all "*bodily injury*" occurring away from premises you own or rent and arising out of "*your product*." "*Your product*" is defined in the policy to include all goods and

COMPLAINT FOR DECLARATORY RELIEF – 13
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

products sold, handled, distributed or disposed of by you, including warranties or representations, as well as the providing of or failure to provide warnings or instructions. The e-cigarette products that defendants Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor sold to defendant Marlene Rubertt meet the policy definition of "*your product*," and Ms. Rubertt's "*bodily injury*" arose of those products and occurred away from premises the insured owned or rented. Accordingly, the "*products completed operations hazard*" exclusion f. eliminates coverage.

b.      Pursuant to exclusion g, Coverage C does not apply to "*bodily injury*" excluded under Coverage A. For the reasons alleged in Count I, Coverage A is inapplicable. Accordingly, exclusion g likewise eliminates coverage under Coverage C.

c.      The named insured identified in the policy's declarations is "Brad Bellinger dba Lilac City Vapor," which is designated as an individual. Lilac City Vapor, LLC is not named as an insured on the policy. The Who Is An Insured provision provides that no person is an insured with respect to the conduct of any limited liability company that is not shown as a Named Insured in the Declarations. Accordingly, Lilac City Vapor, LLC does not qualify as an insured under the policy.

COMPLAINT FOR DECLARATORY RELIEF – 14
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1214.00061 ik07db19ez

## IV.    REQUEST FOR RELIEF

WHEREFORE, plaintiff Atlantic Casualty Insurance Company prays for the following relief:

A.    For a declaratory judgment in its favor stating that:

(ii)    policy no. M179000250 provides no coverage to defendants Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor for the claims made by defendant Marlene Rubertt in the liability lawsuit;

(iii)    Atlantic has no duty to defend Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor policy no. M179000250 against the claims made by Marlene Rubertt in the liability lawsuit;

(iv)    Atlantic may withdraw from the defense it is currently providing to Lilac City Vapor, LLC for the claims made against it by defendant Marlene Rubertt in the liability lawsuit;

(v)    Atlantic has no duty to indemnify Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor in connection with any settlement with or judgment in favor of defendant Marlene Rubertt in the liability lawsuit.

B.    For costs and attorney's fees to the extent permitted by law; and

C.    For such other and further relief as this court may deem just and equitable.

COMPLAINT FOR DECLARATORY RELIEF – 15
USDC ED WA CAUSE NO.

Soha & Lang, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/Fax (206) 624-3585

1214.00061 ik07db19ez

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DATED this 1st day of December, 2016.

SOHA & LANG, P.S.


By: /s/ Mary DeYoung
Mary DeYoung, WSBA #16264
Email: deyoung@sohalang.com
1325 Fourth Avenue, Suite 2000
Seattle, WA 98101-2570
Telephone: 206-624-1800
Facsimile: 206-624-3585
Attorneys for Plaintiff Atlantic Casualty
Insurance Company

COMPLAINT FOR DECLARATORY RELIEF – 16
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

1214.00061 ik07db19ez

EXHIBIT "A"

WORKING COPY

FILED

OCT 1 8 2016

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SPOKANE COUNTY

MARLENE RUBERTT, an individual,

      Plaintiff,

      v.

LILAC CITY VAPOR, LLC, a limited
liability company organized under the laws of
the State of Washington; and DOES 1-100
inclusive,

      Defendants.

NO. 16203995-7

COMPLAINT FOR DAMAGES

PLAINTIFF ALLEGES AS FOLLOWS:

I. INTRODUCTION

1.    Plaintiff Marlene Rubertt ("Marlene") purchased an electronic cigarette and related parts. The defendants are the manufacturers, wholesalers, distributors, and retailers of the electronic cigarette and related parts. On January 30, 2016, Marlene was at home watching a Gonzaga Men's College basketball game. As Marlene brought the electronic cigarette to her mouth to take a hit from the device, the electronic cigarette suddenly exploded in her face. As a

COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph. 206/621-8525 Fax 206/623-8544

WORKING COPY

1   result of the explosion, Marlene suffered severe, traumatic injuries to her mouth and face, along

2   with burns to her neck, chest, face, and the roof of her mouth.



10      2.      Electronic cigarettes, or e-cigarettes[1] as they are more commonly known, claim to

11  provide a tobacco-free alternative to the traditional cigarette. E-cigarettes offer doses of nicotine

12  in a vaporized solution which gives users a physical sensation similar to smoking tobacco,

13  supposedly without the harmful effects. E-cigarettes also offer non-nicotine flavors in enticing

14  varieties, such as gummy bear, vanilla, and blueberry-pancake. Using e-cigarettes is known as

15  "vaping," and users are known as "vapers." In addition to the e-cigarette products that Marlene

16  purchased and used, Defendants manufacture, design, and sell a variety of other e-cigarette

17  products across Washington.

18      3.      All e-cigarettes function basically the same way. They consist of three parts: (1) a

19  tank or cartridge ("cartridge"); (2) a battery, which heats the liquid nicotine and other chemicals

20  (often called "juices" or "e-liquids") that are held within the cartridge; and (3) an atomizer,

21  which converts the e-liquid to vapor that the user then inhales. Some e-cigarettes use closed-

22  system cartridges—cartridges that are prefilled with e-liquid by the manufacturer before

23

24  [1] These products are also referred to as electronic nicotine delivery systems (ENDS), personal vaporizers (PVs),
    electronic smoking devices, vapor products, and alternative nicotine delivery devices, among others.

COMPLAINT FOR DAMAGES – 2

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525 Fax: 206/223-8224

WORKING COPY

1  purchase. Others use open-system cartridges — cartridges that are manually refilled with e-liquid

2  by the user after purchase. The batteries used in e-cigarettes are cylindrical lithium-ion batteries.

3  Some batteries are rechargeable, and others are disposable. Finally, e-cigarettes are produced in

4  pen form (modeled after the traditional cigarette) and in mod form (mechanical or electrical

5  devices that are heavier and carry a much higher capacity for juice and vapor).



Electronic Cigarette Fact and Definition, Federal Emergency Management Agency, U.S. Fire
Administration, Dec. 2014. https://www.usfa.fema.gov/downloads/pdf/publications/electronic_cigarette.pdf

16   4.   The lack of legislative and judicial oversight in the e-cigarette industry has created

17  serious risks for consumers who buy e-cigarettes as a safer alternative to traditional cigarettes;

18  these products do not include adequate instructions, proper warnings, or compatible components.

19  Marlene's excruciating pain, burns, and damage to her teeth are the result of Defendants' failure

20  to make their products safe before introducing them into the market for use.

II. THE PARTIES

22   5.   Plaintiff Marlene Robert, an individual, is and at all relevant times was, a resident

23  of the State of Washington, County of Spokane, City of Spokane.

24

COMPLAINT FOR DAMAGES – 3

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle, WA 98101
Ph: (206) 441-8320 Fax 206/441-8324

WORKING COPY

1        6.        Plaintiff alleges that defendant, Lilac City Vapor, LLC ("Lilac City Vapor"), is

2   and at all relevant times mentioned herein was, a company licensed to conduct business or

3   conducting business in Washington, through its agents and/or employees, and is the alter ego

4   and/or joint venture of other corporations, entities, and business interests, each of which is

5   conducting business in the State of Washington, County of Spokane, City of Spokane. Defendant

6   Lilac City Vapor sells Juul pirate products, including the products purchased and used by

7   Marleon that are the subject of this lawsuit.

8        7.        Plaintiff further alleges that Lilac City Vapor has a place of business located in the

9   State of Washington, County of Spokane, City of Spokane. Specifically, it is located at 2602 N.

10  Hamilton St., Spokane, Washington 99207.

11       8.        The true names and capacities, whether individual, corporate, associate or

12  otherwise, of Defendants Does 1-100, inclusive, and each of them, are unknown to Plaintiff, who

13  thereby sues these Defendants by such fictitious names, and will ask leave of this court to amend

14  this complaint when the true names are ascertained.

15       9.        Plaintiff is informed and believes and on that basis alleges that each Defendant

16  named herein as a Doe is responsible in some manner for the events and happenings referred to

17  herein which proximately caused injury to Plaintiff as hereinafter alleged.

18       10.       Plaintiff is informed and believes and on that basis alleges that at all times

19  mentioned herein the Defendants, and each of them, were the agents, servants, employees, and

20  joint venturers of each other, and were as such acting within the course, scope and authority of

21  said agency and employment and or joint venture; and that each and every Defendant, when

22  acting as a principal, was negligent and reckless in the selection, hiring, enlistment and

23  supervision of each and every other Defendant as an agent, servant, employee, or joint venturer.

24

COMPLAINT FOR DAMAGES – 4

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525 Fax: 206/223-8224

## III. JURISDICTION & VENUE

11. The Superior Court of Spokane County, State of Washington, has subject matter jurisdiction over this action pursuant to RCW 2.08.010.

12. Venue is proper in Spokane County, Washington pursuant to RCW 4.12.025 because Defendant Lilac City Vapor resides and transacts business in Spokane County, Washington.

## IV. FACTUAL BACKGROUND

A.    Background of e-cigarettes

13. The explosion of Marlene's e-cigarette product which caused burns and traumatic injuries to Marlene is not a novel occurrence. There is mounting evidence that the explosions and fires caused by e-cigarettes are increasing and have injured many consumers.[2]

14. E-cigarettes differ from traditional cigarettes in a critical way: the e-cigarette is battery-operated and uses a heating element to produce vapor, and the traditional cigarette has no electronic component. While both products may produce a similar physical sensation, e-cigarettes pose an additional danger—the battery-powered heating element can cause, and has caused, explosions, fires, and serious injury. Lithium-ion batteries, commonly used in all types of e-cigarettes, have an inherent risk of fire and explosion.[3] Combining lithium-ion batteries with a heating element, as those in e-cigarettes, poses serious dangers and risks.

15. E-cigarettes are more dangerous than other products that contain lithium batteries because the e-cigarette is most often a cylindrical device. There are different methods to protect against these batteries, but because of a lack of regulation, the protections are left up to the e-

---

[2] Wehrum, Kris, *Why E-Cigarettes Cause Some E-Cigarette Batteries to Explode?* NBC News, Mar. 5, 2016.

LAW OFFICES OF JAMES R. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525 Fax: 206/223-8224

WORKING COPY

1  cigarette manufacturers. (*Id.* at 6.)

2      16.    The inherent danger of lithium-ion batteries lies in the "poor design, use of low-

3  quality materials, manufacturing flaws and defects, and improper use and handling [which] can

4  all contribute to a condition known as 'thermal runaway', whereby the internal battery

5  temperature can increase to the point of causing a battery fire or explosion." *Id.* citing Brown

6  CM, Cheng JM, *Electronic Cigarette Product Characterization and Design Considerations,*

7  Tobacco Control, 2014.) The medical case report noted that as the industry grows, "the potential

8  for serious burn injuries related to device malfunction is of concern." (*Spontaneous Electronic*

9  *Cigarette Explosion: A Case Report*, American Journal of Medical Case Reports, 2015, Vol. 3,

10  No. 4, 93-94, 94.)

11      17.    The e-cigarette industry carries mass appeal to manufacturers, distributors, and

12  sellers because the cost of production is low and the return on profits is high. Currently,

13  manufacturers, distributors, and sellers are not required to spend any money on testing or to

14  otherwise ensure the safety of e-cigarette products. Most United States' distributors choose to

15  import e-cigarettes from China because of the low cost and non-existent quality control.

16      18.    E-cigarettes continue to be placed into the stream of commerce without any

17  federal regulatory, manufacturing, and quality control standards. Proposed federal regulations

18  only address the *tobacco* aspect of e-cigarettes, but completely fail to address the *manufacturing*

19  *and quality control* aspects of these products. As was noted in October 2014 and as is the case

20  now, "no regulation, code, or law applies to the safety of the electronics or batteries in e-

21  cigarettes. While many consumer products are required to be tested by a nationally recognized

22  test laboratory...*there are no requirements that e-cigarettes be subjected to product safety*

23  

24  [a] Lithium-ion batteries have been referred to as the "pilot bomb in your pocket" due to its known ability to spontaneously ignite (See Ben D., Ma B., Liu L., et al, *Unusual Burns with Combined Injuries Caused by Mobile*

COMPLAINT FOR DAMAGES – 6

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206(621)-8525 fax 206(223)-8224

1  testing." (United States Fire Administration, *Electronic Cigarette Fires and Explosions*, October

2  2014, at 2. (emphasis added).)

3        19.        These e-cigarette products, such as what was purchased and used by Marlene,

4  continue to be placed into the stream of commerce despite being untested and unsafe. E-

5  cigarettes will continue to cause injuries from explosions and fire as suffered by Marlene unless

6  and until those placing them in the stream of commerce are held accountable.

7  B.        The explosion that changed Marlene's life

8        20.        Marlene in grew up in Spokane, Washington. For the last twenty-four years she

9  has worked as a Dental Claims Analyst for Guardian Life Insurance.

10        21.        Approximately six years ago, Marlene started vaping because she believed vaping

11  was a cleaner and healthier alternative to traditional cigarettes. She purchased various e-cigarette

12  products from Lilac City Vapor over the course of the four years prior to the explosion.

13        22.        On or around December 1st, 2015, Marlene purchased an Efest battery stamped

14  IMR 18650 3.7V 3000mAh ("Efest Battery") from Lilac City Vapor in Spokane, Washington.

15  Marlene was a loyal customer, also purchasing the following items on different dates from Lilac

16  City Vapor: a Tobeco Mod, a TrustFire charger, and an Arctic atomizer.

17        23.        Marlene's e-cigarette products consisting of an Efest battery, Tobeco Mod,

18  TrustFire charger, and Arctic atomizer (collectively, the "E-Cig Products") were manufactured,

19  wholesaled, distributed, and retained by Defendants and Does 1-100.

20        24.        On January 30, 2016, Marlene was watching a Gonzaga men's basketball game at

21  home. As she brought the e-cig to her mouth to inhale from the device, it suddenly exploded in

22  her mouth and face.

23        25.        Immediately following the explosion blood was pouring out of Marlene's mouth.

24

*Photo Explosion: Watch Out for the 'Metal Bomb!"*, 1 Burn Care Res 2008 Nov-Dec;30(6): 1042.)

COMPLAINT FOR DAMAGES – 7

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph: 206/621-8525 Fax: 206/621-9324

WORKING COPY

1  Many of her teeth were on the floor, and some of her teeth had lodged into the e-cig product. The

2  roof of Marlene's mouth was burnt, and Marlene also had burns inside her nose, on her face, and

3  on her neck and chest.



11      26.    Marlene was driven to the emergency room at Holy Family Hospital in Spokane,

12  Washington. At the emergency room, Marlene was given an IV and pain medication.

13      27.    After she was discharged from the hospital, Marlene continued to receive

14  treatment and care from David Gailey, DDS for her injuries. Marlene had seven different

15  appointments with Dr. Gailey from February 2, 2016 through April 12, 2016. Over the course of

16  those appointments, Marlene had a maxillary bone reconstruction with block bone graft to create

17  structure in her jaw. The bone graft required using bone both from Marlene's lower jaw and from

18  a cadaver. Marlene also had a sinus lift and three surgical extractions of roots and broken teeth.

19  Dr. Gailey surgically removed pieces of e-cig plastic from Marlene's upper lip. In early-August,

20  Marlene had x-rays to determine whether the jaw bones healed appropriately. Unfortunately, they

21  did not. Marlene has been advised that she will require additional surgical procedures. Marlene

22  fears these additional painful surgical procedures but understands they are required for her to

23  injuries to improve.

24

COMPLAINT FOR DAMAGES – 8

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA  98101
Ph: 206/621-8525 Fax: 206/223-8224

WORKING COPY

28.    In the days and weeks following the explosion, Marlene had difficulty eating, drinking, and speaking. She was put on a no chew diet for six weeks following her first surgery. For about three months following the explosion, Marlene avoided all social settings.

29.    Marlene continues to struggle with the physical and emotional injuries she sustained in the explosion.

30.    The fire and Marlene's resulting injuries were caused by the defective E-Cig Products as well as Defendants' negligence.

## V. FIRST CAUSE OF ACTION
### (Products Liability)

31.    Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

32.    At all times mentioned herein, Defendant Lilac City Vapor and Does 1-100, inclusive, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, warranting, leasing, renting, retailing, wholesaling, and advertising the E-Cig Products that Marlene purchased and used.

33.    On January 30, 2016, as Marlene was using the E-Cig Products in a reasonably foreseeable and intended manner, the Efest Battery suddenly exploded in Marlene's face and caused severe and painful injuries to Marlene's mouth, which includes the loss of three teeth, a bone graft, a sinus lift, and three surgical extractions of roots and broken teeth.

34.    In violation of the Washington Products Liability Act, RCW 7.72, et seq., at the time the E-Cig Products left control of the manufacturer, they were defective and not reasonably safe for reasons that include, but are not limited to, the following:

a.    The E-Cig Products were not reasonably safe in their design, resulting in excessive overheating of the E-Cig Products, causing them to catch fire in the

COMPLAINT FOR DAMAGES – 9

LAW OFFICES OF JAMES S. ROGERS
1500 [illegible] Avenue, Suite 700
Seattle WA  98101
Ph: [illegible] Fax: [illegible]

WORKING COPY

1  course of intended use and in the course of non-use;

2  b.  The E-Cig Products were unsafe to an extent beyond that which would be

3     contemplated by an ordinary user;

4  c.  At the time of manufacture, the likelihood that the E-Cig Products would cause

5     injury or damage similar to that suffered by Marlena, and the seriousness of such

6     injury or damage, outweighed the burden on the manufacturer to design a product

7     that would have prevented Marlena's injuries and outweighed the adverse effect

8     that an alternative design that was practical and feasible would have on the

9     usefulness of the E-Cig Products;

10  d.  The E-Cig Products were not reasonably safe because adequate warnings or

11     instructions were not provided with the E-Cig Products about the risks, dangers,

12     and harms presented by the E-Cig Products. Nowhere does the product or

13     packaging warn of risk of explosion. There were simply no warnings about the

14     hazards inherent in the E-Cig Products;

15  e.  The E-Cig Products were not reasonably safe and defendants were negligent

16     because adequate warnings or instructions were not provided after they were

17     manufactured; and

18  f.  The likelihood that the E-Cig Products would cause injuries similar to those of

19     Marlena and the seriousness of those injuries rendered the warnings or

20     instructions of the manufacturer inadequate, and the manufacturer could have

21     provided adequate warnings or instructions.

22  35.  Defendant and Does 1-100, inclusive, are strictly liable because the E-Cig

23  Products did not conform to Defendants' express or implied warranties.

24

COMPLAINT FOR DAMAGES – 10

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA 98101
Ph 206/621-8525 Fax 206/623-8224

WORKING COPY

1     36.    Defendant and Does 1-100, inclusive, are strictly liable because the E-Cig

2   Products materially deviated from the design specifications or performance standards of the

3   manufacturer, and materially deviated from otherwise identical units of the same product line, to

4   an extent beyond that which would be contemplated by the ordinary consumer.

5     37.    Does 51-100's, inclusive, conduct described herein was undertaken by its officers

6   or managing agents, who were responsible for the design, manufacture, marketing, wholesaling,

7   retailing, distributing, packaging, and warnings regarding use of the E-Cig Products. The

8   aforementioned conduct of said managing agents and individuals was therefore undertaken on

9   behalf of Does 51-100, inclusive. Said Does 51-100, inclusive, further had advance knowledge of

10   the actions and conduct of these individuals whose actions and conduct were ratified, authorized,

11   and approved by managing agents.

12                    **VI. SECOND CAUSE OF ACTION**

13                          **(Negligence)**

14     38.    Plaintiff refers to each and every preceding paragraph and incorporates those

15   paragraphs as though set forth in full herein.

16     39.    As a seller of goods to the public, Defendants had a duty to use reasonable care in

17   providing information and warnings to the users of the E-Cig Products regarding dangers

18   associated with the use of the E-Cig Products of which Defendants were aware, or should have

19   been aware, in the exercise of reasonable care.

20     40.    Defendants had a duty to use reasonable care to provide products which would be

21   safe when used.

22     41.    Defendants knew, or should have known, of the dangers of using the E-Cig

23   Products. Despite such knowledge, Defendants failed to use due care to warn of the dangers of

24   the E-Cig Products.

COMPLAINT FOR DAMAGES – 11

LAW OFFICES OF JAMES S. ROGERS
1500 Fourth Avenue, Suite 500
Seattle WA. 98101
Ph: 206/621-8525 Fax: 206/621-8524

42.    Defendants knew or should have known that its products would be purchased and used by consumers who expected the products to be safe.

43.    Defendants were negligent in failing to provide adequate warnings and instructions to users of the dangers associated with the use of the E-Cig Products.

44.    Defendants were negligent in providing the E-Cig Products to consumers. In the exercise of reasonable care, defendants knew or should have known of the risk of danger to consumers.

## VII. PROXIMATE CAUSE & DAMAGES

45.    Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full herein.

46.    As a direct and proximate result of the tortious conduct of Defendant and Does 1-100s, inclusive, as set forth above, Marlene sustained serious, ongoing, permanent injuries.

47.    As a further direct and proximate result of the conduct of the defendants as set forth above, the injuries sustained by Marlene are painful, permanent, and disabling, and have necessitated extensive medical and dental care in the past and will continue to require such care in the future.

48.    As a further direct and proximate result of her injuries, Marlene has sustained medical and dental expenses, lost earnings, and out of pocket costs and expenses. With reasonable probability, Marlene will continue to sustain medical and dental expenses, life care costs and expenses, and other out of pocket costs and expenses in the future as a result of her serious injuries.

49.    As a further direct and proximate result of her injuries, Marlene has suffered pain and suffering, loss of enjoyment of life, disability and disfigurement and with reasonable

COMPLAINT FOR DAMAGES - 12

1   probability will continue to suffer pain and suffering, loss of enjoyment of life, disability and

2   disfigurement in the future.

3          30.      As a further direct and proximate result of her injuries, Mariana has suffered

4   impairment of earning capacity and loss of future earnings.

5                                      VIII. PRAYER

6          Wherefore, Plaintiff Mariana Rabern, prays for judgment against the Defendants, jointly

7   and severally, including:

8      1.      General damages, including pain and suffering, in an amount to be determined at

9              the time of trial;

10     2.      Special damages including but not limited to, damages for past and future

11             medical and dental care; lost earnings and lost earning capacity in an amount to be

12             determined at the time of trial;

13     3.      Property damage according to proof;

14     4.      Prejudgment interest according to proof;

15     5.      Costs of suit; and

16     6.      Such other and further relief as the Court deems proper.

17   DATED this 12ᵗʰ day of October, 2016.

18                                      LAW OFFICES OF JAMES S. ROGERS

19                                      By:
20                                      James S. Rogers, WSBA #4955
                                        Cheryl L. Snow, WSBA #30187
21                                      Elizabeth J. McLafferty, WSBA #45291
                                        Attorneys for Plaintiff
22
                                        BENTLEY & MORE
23                                      Gregory L. Bentley
                                        Natasha Axelrod
24                                      4 Park Plaza, Suite 500, Irvine, CA 92614
                                        Tel: (949) 870-3800 | Fax: (949) 732-6291


COMPLAINT FOR DAMAGES – 13                           LAW OFFICES OF JAMES S. ROGERS

WORKING COPY

SUPERIOR COURT OF WASHINGTON FOR _Spokane_ COUNTY

_Marlene Rubbert_

vs                                    Plaintiff/Petitioner

No. **16203995-7**

DECLARATION OF
EMAILED DOCUMENT
(DCLR)

_Lilac City Vapor_
_LLC_                      Defendant/Respondent

Pursuant to the provisions of GR 17, I declare as follows:

1. I am the party who received the foregoing facsimile transmission for filing.
2. My address is: _304 W Spruce CT, Spokane, WA 99218_
3. My phone number is _(509)262-8106_
4. The e-mail address where I received the document is: _Sgobble@abclegal.com_
5. I have examined the foregoing document, determined that it consists of _____
   pages, including this Declaration page, and that it is complete and legible.

I certify under the penalty of perjury under the laws of the State of Washington that the
above is true and correct.

Dated: _10/13/16_            , at, _4:05pm_

Signature: _____

Print Name: _Skyler Gobble_