# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD BELLINGER, an individual d/b/a LILAC CITY VAPOR; LILAC CITY VAPOR, a Washington limited liability company; MARLENE RUBERTT, an individual,<br><br>    Defendant. | 2:16-cv-00422-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** |

Before the Court is Defendants' Motion to Dismiss or, Alternatively, to Stay. ECF No. 11. The motion was heard without oral argument. Based on the reasons discussed herein, Defendants' motion is **denied**.

## Background

Plaintiff filed this Declaratory Judgment Action on December 1, 2016, seeking a declaration that, under the applicable insurance policy, Defendants Brad Bellinger and Lilac City Vapor, LLC are not entitled to insurance coverage for claims made by Defendant Marlene Rubertt in an underlying state court products

liability lawsuit and that it has no duty to defend. Defendants moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), although the briefing contains no argument that the Court lacks subject matter jurisdiction over this action or that Plaintiff fails to state a claim upon which relief may be granted. The Rule 12 motion to dismiss is **denied**. Alternatively, Defendants moved the Court to stay this action pending resolution of the underlying state court lawsuit.

## Abstention

The Declaratory Judgment Act provides that "upon the filing of an appropriate pleading, [the court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). When determining whether to exercise jurisdiction over a declaratory judgment action, the *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491(1942), factors are the "philosophic touchstone." *Gov. Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). The *Brillhart* factors state that the court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Id.* (citation omitted). These factors are non-exhaustive. *Id.* at 1225 n.5.

The Washington State Supreme Court routinely approves of insurers filing declaratory judgment actions where their coverage liability is uncertain. *See Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 54 (2007) ("When an insured is uncertain of its duty to defend, it may defend under a reservation of rights while seeking a declaratory judgment relieving it of its duty." (*Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn.2d 751, 761 (2002)). The Ninth Circuit has likewise instructed that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225.

//

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** - 2

Here, all of the *Brillhart* factors favor retention of jurisdiction over this action. First, the Court is not asked to make needless determinations of state law. Where the "state tort case did not involve the same legal issues as the federal declaratory action, which [is] centered on the coverage dispute rather than liability issues," the Ninth Circuit has declined to abstain. *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). Defendants argue that insurance law is an area traditionally left to the states and that in a diversity action, such as this, the federal interest in hearing a case is at its lowest. Defendants correctly note that this is not a parallel proceeding to the underlying state court tort action, as the Court is merely asked to determine the coverage liability issues. There is no implication that the Court would be required to decide unsettled issues of state law, and the coverage liability determination is squarely within this Court's competence.

Second, this action cannot be said to amount to forum shopping. The issue of coverage liability has not been litigated in any other forum. Plaintiff could have filed this action in state court, but it was not required to.

Third, Defendants contend that the issues in the present declaratory action overlap with issues in the underlying state court lawsuit. Namely, Defendants assert that the Court may be required to determine whether Lilac City Vapor, as a retailer, may have the liability of a manufacturer as defined by the Washington Products Liability Act (WPLA). However, it is apparent that the Court will not be required to make any factual findings on that point. Typically, an insurer's duty to defend is evaluated based on the allegations contained in the complaint. *Truck Ins. Exch.*, 147 Wn.2d at 760. Ruling on the issue of coverage, thus, is purely a matter of interpretation of the insurance contract.

As the *Brillhart* factors weigh in favor of retention of jurisdiction, Defendants' motion to abstain is **denied**.

//

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** ~ 3

## Stay

A party seeking a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether to grant a party's motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Typically, this balancing test requires the court to consider (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55).

Here, the damage of granting a stay clearly falls on Plaintiff. Plaintiff is currently tendering a defense under a reservation of rights and seeks a judicial determination that it is not required to do so. Staying this action simply delays the coverage liability determinations that will be made at some point. The hardship of denying the stay falls on Defendants, who will be required to litigate on two fronts. However, a judicial resolution of this action will simplify the issues. This Court is not asked to make factual determinations that could impact the underlying state court lawsuit. Rather, there is no overlap between the state and federal court proceedings. Adjudicating the rights of the parties will resolve the coverage dispute and allow Plaintiff to withdraw or require it to continue in its defense. Accordingly, the Court **denies** Defendants' motion to stay proceedings.

## Fee Request

Lilac City Vapor additionally requests an award of attorneys' fees and costs because Plaintiff compelled it to defend this action when it knew it was properly subject to abstention. It cites *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*,

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** ~ 4

117 Wn.2d 37 (1991) in support of this proposition. In the absence of a contractual fee award provision, the insured has a right "to recoup attorney fees that it incurs because an insurer refuses to defend or pay the justified action or claim of the insured, regardless of whether a lawsuit is filed against the insured." *Id.* at 52. While Lilac City Vapor may be entitled to fees, its motion is premature. It remains to be seen whether Lilac City Vapor has a justified action or claim for coverage under the Policy. Accordingly, its requests for fees is **denied**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss or, Alternatively, to Stay, ECF No. 11, is **DENIED**.
2. Lilac City Vapor, LLC's request for an award of attorneys' fees is **denied**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of May, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY** + 5