# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAD BELLINGER, an individual d/b/a LILAC CITY VAPOR; LILAC CITY VAPOR, a Washington limited liability company; MARLENE RUBERTT, an individual,<br><br>    Defendant. | 2:16-cv-00422-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 26. A hearing was held on September 6, 2017 in Yakima, Washington. Plaintiff was represented by Mary DeYoung. Defendants Brad Bellinger and Lilac City Vapor, LLC were represented by Benjamin McDonnell and Defendant Marlene Rubertt by Liz McLafferty. This Order memorializes the Court's oral ruling.

## Background

Plaintiff Atlantic Casualty Insurance Company (Atlantic) filed this Declaratory Judgment Action on December 1, 2016 seeking a declaration that,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

under an applicable insurance policy, Defendants Brad Bellinger (Bellinger) and Lilac City Vapor, LLC (LCV) are not entitled to insurance coverage for claims made by Defendant Marlene Rubertt (Rubertt) in an underlying state court products liability lawsuit and that it has no duty to defend. On February 6, 2017, Defendants moved to dismiss the complaint or, alternatively, stay this case pending resolution of the underlying lawsuit. The Court denied the motion and Plaintiff filed the present motion for summary judgment on June 2, 2017.

**Facts**

The material facts are not in dispute. On October 13, 2016, Rubertt filed a lawsuit captioned *Marlene Rubertt v. Lilac City Vapor, LLC et al.* in Spokane County Superior Court alleging the following: Rubertt purchased an electronic cigarette and related parts from LCV. On January 30, 2016, Rubertt was home watching television and brought the electronic cigarette to her mouth to inhale from the device when the electronic cigarette suddenly exploded in her face. As a result, Rubertt suffered severe, traumatic injuries to her mouth and face, along with burns to her neck, chest, face, and the roof of her mouth. Following the explosion, Rubertt was driven to the emergency room and given an IV and pain medication. She continued to receive treatment and care for her injuries, including bone reconstruction in her jaw, a sinus lift, and three surgical extractions of roots and broken teeth. Pieces of the electronic cigarette plastic were also removed from her upper lip. She will require additional surgery.

On February 16, 2016, attorney Dayle Andersen sent a letter notifying LCV and Bellinger that the Andersen Law Office had been retained to represent Rubertt (then going by Ms. Garcia) in her claim for personal injuries against LCV. After receiving notification, Atlantic, through its agent American Claims Service, Inc., sent LCV a letter dated March 29, 2016 in which it denied coverage for Rubertt's claim. The claim was denied due to applicable insurance policy exclusions.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Rubertt's Complaint stated causes of actions for products liability and negligence. On October 21, 2016, LCV sent a Demand for Defense Letter to Atlantic Casualty Insurance Company. Atlantic tendered a defense subject to a reservation of rights by letter dated November 3, 2016. Rubertt filed a First Amended Complaint for Damages on December 7, 2016. She again stated causes of action for products liability and negligence.

## Legal Standard

Summary judgment is appropriate if the pleadings, discovery, and affidavits demonstrate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

When considering a motion for summary judgment, the Court neither weighs evidence nor assesses credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When relevant facts are not in dispute, summary judgment as a matter of law is appropriate, *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), but "[i]f reasonable minds can reach different conclusions, summary judgment is improper." *Kalmas v. Wagner*, 133 Wn. 2d 210, 215 (1997).

## Discussion

Interpretation of an insurance policy is a question of law that may be resolved on summary judgment. *Reliable Credit Ass'n, Inc. v. Progressive Direct Ins. Co.*, 171 Wn. App. 630, 638 (2012). Because insurance policies are contracts, the rules of contract interpretation apply. *Id.* When interpreting an insurance

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** - 3

policy, the Court should consider the contract as a whole and arrive at a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id.* (quoting *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn. 2d, 165, 171 (2005)) (internal quotation marks omitted). If the language of the insurance policy is unambiguous, the Court must enforce it as written. *Id.* (citing *Quadrant Corp.*, 154 Wn. 2d at 171). Exclusionary clauses in an insurance policy must be strictly construed against the insurer; "[w]here there is room for two constructions of an exclusionary clause, one favorable to the insured and one favorable to the insurer, courts must adopt the construction favorable to the insured." *Id.* at 638-39 (citing *Murray v. W. Pac. Ins. Co.*, 2 Wn. App. 985, 992 (1970)).

Under Washington law, a "duty to defend 'arises at the time an action is first brought, and is based on the potential for liability.'" *Woo v. Fireman's Fund Ins. Co.*, 161 Wn. 2d 43, 52 (2007) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn. 2d 751, 760 (2002)). An insurer has a duty to defend "when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability within the policy's coverage." *Id.* at 52-53 (citing *Truck Ins. Exch.*, 147 Wn. 2d at 760) (internal quotation marks omitted). "An insurer is not relieved of its duty to defend unless the claim alleged in the complaint is 'clearly not covered by the policy.'" *Id.* at 53 (quoting *Truck Ins. Exch.*, 147 Wn.2d at 760)). Thus, the duty to defend must be determined from the complaint. However, "[t]here are two exceptions to the rule that the duty to defend must be determined only from the complaint, and both the exceptions favor the insured." *Truck Ins. Exch.*, 147 Wn.2d at 761. Neither exception is applicable here.

Bellinger and LCV were insured under Commercial General Liability Coverage policy No. M179000250 (the "Insurance Policy") from August 1, 2015 through August 1, 2016. Coverage A of the Insurance Policy obligates Atlantic to pay those sums that the insured becomes legally obligated to pay because of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** - 4

"bodily injury" or "property damage" to which the insurance applies. The insurance applies to bodily injury or property damage caused by an occurrence that takes place within the coverage territory and during the policy period. It also states that Atlantic has "the right and duty to defend the insured against any 'suit' seeking those damages." ECF No. 28-3. Atlantic has no duty to defend the insured if the insurance does not apply to the damage. Coverage C provides that Atlantic will pay medical expenses for bodily injury caused by an accident because of "your operations" if the accident takes place within the coverage territory, expenses are reported within one year of the accident, and the injured person submits to examination.

The Insurance Policy also provides, in conspicuous language, that the following endorsement changes the policy, "please read it carefully." ECF No. 28-3. The Exclusion-Products-Completed Operations Hazard provides that "[t]his insurance does not apply to 'bodily injury' or 'property damage' included within the 'products-completed operations hazard.'" The products-completed operations hazard "[i]ncludes all 'bodily injury' and 'property damage' *occurring away from premises you own or rent* and *arising out of 'your product'* or 'your work.'" *Id.* (emphasis added). "Your product" means "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (a) You; (b) Others trading under your name; or (c) A person or organization whose business or assets you have acquired." "Your product" explicitly includes "(1) Warranties or representations *made at any time* with respect to the fitness, quality, durability, performance or use of 'your product'; and (2) The providing of or failure to provide warnings or instructions." *Id.* (emphasis added).

Rubertt's First Amended Complaint alleges that Defendant LCV and non-party Innotel, Inc. ("Innotel") are the manufacturers, wholesalers, distributors, and retailers of the electronic cigarette purchased by Rubertt. She states causes of action for products liability in negligence. Specifically, Rubertt claims that

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** + 5

Defendants violated the Washington Product Liability Act, Wash. Rev. Code § 7.72.010, *et seq.*, because the product was defective, not reasonably safe in its design, and failed to provide adequate warning and instruction. Rubertt also alleges that LCV and Innotel were negligent insofar as they breached their duty to use reasonable care in providing information and warnings to users of the product.

The parties do not dispute that Coverage A and Coverage C are potentially applicable to the underlying action. The sole question for the Court is whether the Products-Completed Operations Hazard excludes coverage under the policy. Specifically, the Court must determine whether the term "your product" encompasses warranties, representations, warnings, or lack thereof, made by third parties. Defendants contend that it does not. Defendants argue that because LCV, as a product seller, can have the liability of a manufacturer under Washington's product liability law, the Products-Completed Operation Hazard is inapplicable because it does not apply to warranties, representations, or warning made by third parties, in this case, the manufacturer.

Defendants' argument is unpersuasive. The definition of "your product" is unambiguous. It includes "(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your product'; and (2) The providing of or failure to provide warnings or instructions." ECF No. 28-3. This provision is broad; it is not limited to warranties or representations made by third parties. It is of no consequence that LCV might have the liability of a manufacturer. The policy excludes coverage for bodily injuries arising from products manufactured, sold, handled, distributed or disposed of by the insured, including those sustained as a result of any warranties, representations, and warnings that were made or not. Rubertt's First Amended Complaint unequivocally seeks redress for bodily injuries she sustained when LCV's product exploded in her face. Her claims for bodily injury are plainly excluded under the policy, including her warranty and failure to warn causes of action.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 6

Defendants further argue that Rubertt's allegations of negligence are not excluded by the Products-Completed Operation Hazard. This argument also fails. The Insurance Policy excludes coverage for all bodily injuries occurring away from the insured's premises as a result of the insured's product. The exclusion does not limit the theories of liability to which it applies, rather, the focus is on the injury sustained. Because the Insurance Policy unambiguously excludes coverage for Rubertt's claims, Atlantic has no duty to defend against the underlying lawsuit. Atlantic's motion is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 26, is **GRANTED**.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

2. A declaratory judgment shall be entered, in favor of Plaintiff and against each Defendant, that:

(1) policy no. M179000250 provides no coverage to defendants Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor for the claims made by defendant Marlene Rubertt in the liability lawsuit captioned *Marlene Rubertt v. Lilac City Vapor, LLC et al.*, Spokane County Superior Court no. 16-2-03995-7;

(2) Atlantic has no duty to defend Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor policy no. M179000250 against the claims made by Marlene Rubertt in the liability lawsuit;

(3) Atlantic may withdraw from the defense it is currently providing to Lilac City Vapor, LLC for the claims made against it by defendant Marlene Rubertt in the liability lawsuit;

(4) Atlantic has no duty to indemnify Lilac City Vapor, LLC or Brad Bellinger dba Lilac City Vapor in connection with any settlement with or judgment in favor of defendant Marlene Rubertt in the liability lawsuit.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter Judgment, file this Order, provide copies to counsel, and **close** this file.

**DATED** this 8th day of September 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** + 8